UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NISUS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-120 (3:06-MC-50) |
| | ) | (VARLAN/SHIRLEY) |
| PERMA-CHINK SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [3:06-MC-50, Doc. 3] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Dorsey & Whitney's Motion to Quash [3:06-MC-50, Doc. 2].[1]

Dorsey & Whitney, LLP ("Dorsey & Whitney") moves the Court to quash a subpoena served upon it on July 11, 2006 by attorney John Lucas as counsel for Merchant & Gould. Dorsey & Whitney is counsel of record for the defendant Perma-Chink Systems, Inc. ("Perma-Chink") in the underlying patent litigation, No. 3:03-CV-120. Merchant & Gould was formerly counsel for the plaintiff Nisus Corporation ("Nisus") and is now a respondent to two motions for sanctions filed by Perma-Chink. The subpoena seeks the production of all correspondence between Dorsey & Whitney

---

[1]This motion was originally filed in the United States District Court for the Western District of Washington. By an Order entered July 27, 2006, the Honorable Ricardo S. Martinez, United States District Judge, transferred the motion to this Court for disposition. [3:06-MC-50, Doc. 1]. Judge Varlan subsequently referred the motion to the undersigned. [3:06-MC-50, Doc. 3].

and the U.S. Patent Office ("PTO"), including its Solicitor's Office, regarding the underlying patent litigation, Nisus, Daniel Pauly, Allan Altera, or any attorney at Merchant & Gould.

For grounds, Dorsey & Whitney argues: (1) that the subpoena is in violation of this Court's Scheduling Order, as discovery has been closed for months in the underlying patent litigation; (2) that Merchant & Gould is a non-party and as such is not authorized to issue a subpoena in this case; (3) that the Federal Rules of Civil Procedure do not authorize the issuance of such a post-trial subpoena, even if Merchant & Gould could be deemed a party to this action; and (4) that Merchant & Gould has waived the right to seek discovery of documents in this case by its failure to re-open discovery or to otherwise seek relief from this Court prior to trial. Dorsey & Whitney further argues that Merchant & Gould and its counsel should be sanctioned for serving this subpoena without any proper legal basis.

Merchant & Gould opposes Dorsey & Whitney's motion, arguing that as respondents to Perma-Chink's sanctions motions, they have a due process right to such discovery. Further, Merchant & Gould argues that the scheduling deadlines from the underlying case are simply not applicable to this collateral litigation related to Perma-Chink's motions for sanctions. Finally, Merchant & Gould argues that Dorsey & Whitney's request for sanctions is incomplete, inadequate, and improper, as Dorsey & Whitney failed to identify the party against which it seeks sanctions or the legal basis therefor. [3:06-MC-50, Doc. 4].

Even assuming, without deciding, that Merchant & Gould was authorized to issue this post-trial subpoena, the Court fails to see the relevance of the information sought by Merchant & Gould's subpoena. The motions for sanctions – the only issue remaining before this Court (and the only basis on which Merchant & Gould can conceivably argue that it is somehow a party to this

2

action) – involves allegations of misconduct by Merchant & Gould's actions before this Court, not Dorsey & Whitney's alleged misconduct before the PTO. Moreover, the purpose of the requested sanctions is not to punish for misconduct before the PTO, but rather to punish the misconduct that the Court has determined occurred <u>before this Court</u>. Accordingly, whatever correspondence may have occurred between Perma-Chink's attorneys and the PTO is simply not relevant to the issues remaining before the Court. As such, the Court finds Dorsey & Whitney's Motion to Quash [3:06-MC-50, Doc. 2] to be well-taken, and it is therefore **GRANTED**. Dorsey & Whitney's request for an award of fees and costs is **DENIED**.

    **IT IS SO ORDERED.**

                       ENTER:

                         <u>s/ C. Clifford Shirley, Jr.</u>
                         United States Magistrate Judge